## UNITED STATES v. 71,500 SQUARE FEET IN BOROUGH OF MANHATTAN, CITY AND STATE OF NEW YORK, et al.

District Court, S. D. New York.

Feb. 11, 1947.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner-plaintiff.

Greenbaum, Wolff & Ernst, of New York City (Jonas J. Shapiro and Andrew R. Tyler, both of New York City, of counsel), for defendant Haristone Realties, Inc.

BRIGHT, District Judge.

Defendant, Haristone Realties, Inc., by a notice of motion dated January 23, 1947, asks for an order granting leave to withdraw from the registry of this court $53,-443.89 "plus such interest the said defendant may be entitled to." Petitioner-plaintiff does not oppose the withdrawal of the specific sum mentioned, but does oppose withdrawal of any sum representing interest.

Petitioner in September 1945 commenced this condemnation proceeding to acquire the temporary use and occupancy of the fifth, sixth, seventh, eighth and ninth floors and a portion of the second floor of the premises at 139 Centre Street, New York City, of which the moving defendant is the owner. In October 1945, the petition was amended so as to include the entire first floor and the remainder of the second. In November 1946, the petition was further amended so as to include the use and occupancy of the entire building for a period of five years from November 1, 1946.

The first occupancy was from October 22, 1945, to October 31, 1946; the second from November 1, 1945, to October 31, 1946; and the third from November 1, 1946, to June 30, 1950.

Possession was taken by the petitioner beginning October 22, 1945, and it has since had the use of various portions of the building in the order named. What "just compensation" should be paid was a matter

of considerable dispute and discussion between the parties until November 22, 1946, when the attorneys for the petitioner and Haristone Realties, Inc., entered into a stipulation. It provided for the entry of an order (1) amending the petition in the respects above mentioned; (2) fixing the just compensation which should be paid for the exclusive use and occupancy of the five floors and 7,000 feet of the second floor, for the period commencing October 22, 1945, and ending October 31, 1946, and of the first floor and remaining area of the second floor from November 1, 1945 to and including October 31, 1946, at the sum of $48,770.05, less a credit to petitioner of $5,326.16; (3) fixing the just compensation for the use of the entire building from November 1, 1946, to and including June 30, 1950, at the rate of $60,000 per annum; and (4) that upon the entry of the order petitioner would deposit, for distribution to the owner upon application and notice, the sum of $43,443.89, "representing the accumulated compensation due Haristone Realties, Inc.," for the use and occupancy of the portions of the building mentioned for a period ending October 31, 1946, and should thereafter deposit compensation at the rate mentioned for the further use and occupancy of the premises after November 1, 1946, for distribution at the end of each quarterly period of occupancy.

The order was entered pursuant to the stipulation of November 29, 1946, and on January 21, 1947, petitioner deposited in the registry of the court $53,443.89, being the amount of the compensation mentioned in the petition for the period ending October 31, 1946, $43,443.89, and $10,000 for two months of the five year term.

The owner contends that in proceedings of this kind any award of just compensation is made as of the date of the taking and that interest thereon until the award is paid follows as a matter of law. 40 U.S.C.A. § 258a; United States v. Baugh, 5 Cir., 149 F.2d 190; Oliver v. United States, 8 Cir., 155 F.2d 73; United States v. Thayer-West Point Hotel Company, U.S., 67 S.Ct. 398. It requests average interest on $43,443.89 from October 22, 1945, the date of taking, to January 21, 1947, when the money was paid into court and suggests that the average be obtained by allowing interest on the full amount for one-half the period from the first occupancy between the dates mentioned.

The Government, on the other hand, urges that the stipulation mentioned was a complete settlement of the disputed claim for just compensation, that by its terms the full amount to which defendant is entitled is fixed at $43,443.89 plus the amount agreed upon for the extended five year term; and that in any event no express provision having been made in the stipulation for interest, the Government cannot be charged with it, that "just compensation" contemplates and includes, in the absence of express terms to the contrary, compensation for delays in payment. Oliver v. United States, supra; United States v. Certain Land, in City of St. Louis Mo., D.C., 58 F.Supp. 305; United States v. Certain Lands, in St. Charles County, Mo., D.C., 61 F.Supp. 199; United States v. 6.87 Acres of Land in Village of Garden City, 2 Cir., 147 F.2d 351.

I think the decision must be adverse to the defendant for two reasons—(1) that the stipulation settled the entire controversy at a fixed amount without any provision for interest, and (2) that interest cannot be awarded against the petitioner except by express agreement, which is absent here. The case of Albrecht v. United States, U.S., 67 S.Ct. 606, seems to me to settle the dispute. The Oliver case was there affirmed and I think the Baugh case overruled.

An order may be settled on notice authorizing the defendant Haristone Realties, Inc., to withdraw from the registry of this court the said sum of $53,443.89 and denying its claim for interest.