HORTON, Judge
Appellant, plaintiff below, seeks review of an adverse final order dismissing its cause and complaint with prejudice.
In 1958, plaintiff brought an action in New Jersey against Aviation Products Corporation (the predecessor of defendant Exhaust Parts Corporation), the defendant Beriant and others. This action culminated in a consent judgment which, in pertinent part, provided:
“ * * * and it appearing that the complaint has been duly filed and served, and that issue has been joined, and it further appearing that this judgment bears the subscribed consent of the defendants;
“IT IS, on this 10th day of October, 1958, ORDERED and ADJUDGED that the defendants, * * * and their officers, * * * successors, and assigns, be and they are hereby jointly and severally, perpetually restrained *823 and enjoined from disclosing to persons, firms, or corporations other than the plaintiff, * * * data, drawings, specifications or other inf ormation or copies or reproductions thereof furnished to them by the plaintiff, * * * and from using and disclosing, directly or indirectly, such data, drawings, specifications or other information furnished to them by the plaintiff, * * * in manufacturing, advertising for sale and selling aircraft engine component parts for (plaintiff’s) aircraft engines.
“AND IT IS FURTHER ORDERED and ADJUDGED that the defendants, * * * and their officers, * * * successors and assigns, be and they are hereby jointly and severally, perpetually restrained and enjoined from manufacturing, advertising for sale and selling the following aircraft engine component parts * * * made from or using, employing or embodying data, drawings, specifications or other information of plaintiff:
[here followed a list of some 18 specific aircraft engine component parts].
“AND IT IS FURTHER ORDERED and ADJUDGED that the defendants * * * are hereby ordered * * * to forthwith surrender to the plaintiff, * * * all data, drawings, specifications and other information, including copies thereof, furnished to the defendants, * * * by the plaintiff.” [Emphasis supplied]
On October 6, 1959, plaintiff instituted this action by filing a complaint seeking an injunction, damages and other such relief as the court might deem proper. The complaint alleged that shortly after the entry of the New Jersey consent judgment, a copy of which was attached to the complaint, defendant Berlant moved to Florida and organized Exhaust Parts which was actively engaged in flagrantly violating the terms of the consent judgment with resultant irreparable damage to the plaintiff. The defendant answered admitting some of the allegations contained in the complaint and denying others. As an affirmative defense, defendants alleged, in substance, that they had fully complied with the terms of the consent judgment by returning all of the plaintiff’s plans and data. They further alleged that those parts they were then manufacturing and selling were made from information and data commonly known and available in the business and not from information and data furnished to them by the plaintiff. In due course the cause came on for final hearing. The chancellor construed the consent judgment as being preclusive only of the manufacture and sale of parts by the defendants from information furnished to them by the plaintiff. From the evidence before him he concluded that the plaintiff had not proved this was being done. Accordingly, he entered the final order appealed dismissing plaintiff’s cause and complaint with prejudice.
Basically the appellant contends that the chancellor’s construction of the New Jersey consent judgment, which amounts to a binding contract between the parties, was too narrow and failed to give it the full prohibitory effect intended by the parties. In support of this contention appellant points to the phrase “information of the plaintiff” which appears in the last line of the third paragraph of the New Jersey judgment. This, it asserts, conclusively indicates that the parties intended the scope of the prohibition embodied in their agreement to be broad and preclusive of the appellees’ manufacture of parts for appellant’s engines whatever their source of information. Such a construction is possible but strained. It is not consistent with the tenor of the agreement viewed as a whole.
A court cannot, under the guise of construction, make a new contract for the parties. Haenal v. United States Fidelity & Guaranty Co., Fla.1956, 88 So.2d 888. Its power is limited to giving effect to the intention of the parties as may be gathered from all the terms and the tenor of the *824 contract. The intention of the parties must be determined from an examination of the whole contract and not from the separate phrases or paragraphs. Transport Rental Systems, Inc. v. Hertz Corp., Fla.App. 1961, 129 So.2d 454; Lalow v. Codomo, Fla.1958, 101 So.2d 390; United States Rubber Products v. Clark, 145 Fla. 631, 200 So. 385.
We conclude that the chancellor’s construction was consonant with the intention of the parties as gathered from the four corners of the agreement viewed as a whole. Further, there is adequate basis in the record for his conclusion that the appellant had not proved the appellee was violating the agreement.
Having considered the appellant’s remaining contentions and found them to be without merit, we conclude the order appealed should be, and is accordingly, affirmed.
Affirmed.