M. S. ALPER & SON, INC. *vs.* DIRECTOR OF PUBLIC WORKS FOR THE STATE OF RHODE ISLAND.

MAY 8, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

Powers, J.   This is a petition brought under G. L. 1956, chapter 6 of title 37, seeking an assessment of damages by a jury for the condemnation of the petitioner's property by the state, hereinafter called the respondent.   It was tried to a jury before a superior court justice and resulted in a verdict of $22,000.   By pre-trial order and stipulation, it was agreed that the jury's verdict should be limited to a determination of the fair market value of the property with the question of interest reserved for determination by the trial justice.   The petitioner seasonably filed motions for a new trial, and for interest and alternative relief.   The trial justice denied the motion for a new trial and ordered interest from the date of taking to the return of the jury's verdict.   The respondent has duly prosecuted a bill of exceptions to this court, the sole exception being to the award of interest.

It appears from the record that petitioner owned six lots located at the intersection of Poe and Sayles streets in the

city of Providence, which property was condemned by respondent on September 30, 1960. On February 23, 1961, respondent advised petitioner that it had appraised the property and offered $22,000 in full settlement of all claims petitioner might have against it by reason of the taking. The offer proving unsatisfactory, the instant petition was filed September 12, 1961 and trial before a jury commenced May 1, 1963.

The issue before us arises from the trial justice's decision awarding interest from the date of the taking to the return of the jury's verdict notwithstanding the provisions of G. L. 1956, §37-6-23, which read as follows:

"Upon recovery of final judgment, execution shall be issued therefor and shall be forthwith paid by the general treasurer out of any funds appropriated and available therefor, but the verdict and the judgment entered thereon shall not include any item for interest for any period during which such land or other real property was actually occupied or enjoyed by the petitioner, *nor shall the verdict and the judgment entered thereon include any interest if such verdict and judgment is for a sum not in excess of the amount offered to the petitioner by the state property committee.*" (italics ours)

The respondent contends that the trial justice erred in holding that, on the authority of *Southern New England Ry.* v. *Shuttleworth,* 38 R. I. 216, "just compensation" as the same is required by the Rhode Island Constitution, art. I, §16, includes interest on the fair market value of the condemned property from the time of the taking at least until the state's offer of a fair market value is made.

In his decision, the trial justice quoted from the *Shuttleworth* case, where at page 218 this court stated:

"Under the constitution private property cannot be taken in the exercise of the right of eminent domain without just compensation. If the circumstances of the matter had permitted the damages should have been paid at the time the claimant's property was taken

from him. The ascertainment of the amount of his damages necessitated delay. When the amount of his damages are determined, in justice they must be regarded as due to him of the day when his property was taken and he is entitled to interest for their detention from that time until the time of payment. That is the principle generally recognized by the authorities dealing with this question of interest."

He noted that this court had specified interest was due "until the time of payment," but theorized that in the exercise of its police power the legislature, protecting the public purse against the building up of interest by the initiating of litigation solely for that purpose, might provide against the running of interest after the making of a firm offer to pay forthwith its appraisal of the fair market value. Be that as it may, however, he also noted that the language employed by the legislature was clear and unambiguous, denying interest for any period in the event that a litigating condemnee obtained a jury verdict not in excess of the state's offer.

He held such a provision to be in violation of the state and federal constitutions. We are constrained to agree. "[J]ust compensation" contemplates a simultaneous substitution of fair market value for the land taken. It is to be noted that by G. L. 1956, §37-6-14, title to the property passes to the state with the filing of stipulated information in the office of the recorder of deeds or town clerk in the city or town within which the property taken lies. Hence, the legislature cannot authorize the taking of property by eminent domain at a time convenient for the state without providing for a simultaneous substitution as heretofore mentioned or, in lieu thereof, making suitable provisions for the payment of accumulated interest on the compensation determined to be the fair market value, such interest running from the day of the taking to the date of payment or tender thereof.

Neither may the state deny to the condemnee the right

to a judicial or quasi-judicial determination of fair market value without violating the due process clause of the fourteenth amendment to the United States Constitution. See *Monongahela Navigation Co.* v. *United States,* 148 U. S. 312, and *Backus* v. *Fort Street Union Depot Co.,* 169 U. S. 557. Thus legislation which purports to deprive a property owner of "just compensation," as that term is herein defined, by denying interest on the fair market value as determined by the jury, when such determination fails to exceed the amount offered by the state, results in a denial of constitutional guarantees.

However, respondent further contends in effect that even if we should hold the challenged provision of §37-6-23 (heretofore italicized) as violative of the state and federal constitutions, the trial justice erred in awarding interest on the full jury verdict, by reason of G. L. 1956, §37-6-17, as amended by P. L. 1961, chap. 166, the pertinent provision of which amendment is as follows:

> "provided, however, that if any party shall fail to agree with the acquiring authority upon the sum to be paid for the value * * * and shall petition for assessment of damages by a jury in accordance with the provisions of this chapter, then, the state properties committee, upon the application of said party in interest and of joinder of all other parties in interest shall order paid forthwith to the party or parties so applying without interest for or on account of the just compensation to be awarded in said proceeding not less than fifty per cent (50%) of the acquiring authorities offer pending final disposition of the court proceeding."

That provision became effective prior to the filing of the instant petition. It is respondent's contention, as we understand it, that, at least from the date on which petitioner commenced the instant proceedings, it is not entitled to interest on more than $11,000, since it could have received payment of at least half of respondent's offer at that time. We are persuaded that there is merit in this contention.

The challenged language of §37-6-23 must be read together with the provisions of P. L. 1961, chap. 166, if its constitutionality is to be at least partially preserved, and so far as it is possible to do so this court will uphold legislative declarations. *City of Providence* v. *Moulton*, 52 R. I. 236, and *Opinion to the House of Representatives*, 45 R. I. 289.

We hold, therefore, that a property owner is entitled to interest on the fair market value of his property taken by the state from the day it is condemned to the day that the state stands ready to pay. G. L. 1956, §37-6-14. If, however, such property owner does not agree with the fair market value as evidenced by the state's offer, and petitions for an assessment of damages by a jury, he is entitled to interest on the jury verdict only as to so much of it as is in excess of the amount offered.

On the facts of the instant case, therefore, petitioner is entitled to interest on $22,000 from September 30, 1960 to September 12, 1961, and on $11,000 from that date to the date of the jury's verdict. Ordinarily, it would be entitled to such interest until the date of payment, but payment having already been made the parties have agreed that interest should be computed to the date of the verdict and not after.

It is to be noted that we have considered the italicized language as it appears in §37-6-23 for the reason that this was the applicable provision when the instant proceedings were commenced. This section was amended by P. L. 1962, chap. 9, which also contains the language in issue and it is likewise subject to our decision.

The respondent's exception is sustained, and the case is remitted to the superior court for entry of judgment on the verdict with interest in accordance with this opinion.

On Motion for Reargument.

MAY 25, 1964.

Per Curiam. After our opinion in the above case was

filed the petitioner asked for and received permission to file a motion for reargument. Pursuant thereto it has filed such a motion, stating therein as its reason in support thereof that our opinion subjects a condemnee, who accepts partial payment under the provisions of G. L. 1956, §37-6-17, as amended, to the risk of having waived his right to interest on the balance found to be due in the event that the verdict of the jury, or decision of the trial justice, is for a sum not in excess of that offered by the state.

It misreads our opinion. The clear import of our holding therein, and we now categorically declare, is that, notwithstanding any language of the statutes to the contrary, a condemnee is entitled to interest on the fair market value of his property from the day of the taking to the day of payment.

As to any partial payment, interest is computed on that amount from the day of taking to the day such partial payment is made and on the balance from the day of taking to the day of payment of whatever balance may be subsequently determined as owing. Thus, a property owner is not, and may not be, deprived of interest on a single dollar of the fair market value.

Having thus disposed of this contention, we are of the opinion that nothing further appears to warrant reargument.

Motion denied.

*Arcaro, Belilove & Kolodney, Abraham Belilove,* for petitioner.

*J. Joseph Nugent,* Attorney General, *William F. Fidalgo,* Special Counsel, for respondent.