MOORE, Judge.
The question presented in this interlocutory appeal is whether or not a condemnee in an eminent domain proceeding is entitled to interest on the final judgment for the period of time during an unsuccessful appeal. On the facts of this case we hold that he is not so entitled and affirm.
This cause commenced in December 1970 when the appellee (condemnor) filed its pe *829 tition pursuant to Chapters 73 and 74, Florida Statutes, to condemn appellants’ (con-demnees’) property along with fourteen other parcels of property. An order of taking was entered granting condemnor possession of condemnees’ property as of March 31, 1971. Subsequently, by stipulation, condemnees were allowed to withdraw from the court registry the sum of $8,800 being condemnor’s good faith estimate of the value of condemnees’ property. The jury verdict on September 9, 1971 established condemnees’ damages at $33,725.00, including $9,500 for business damages.
Upon-entry of final judgment the clerk of the court erroneously forwarded a check in the amount of $33,725.00 to the condemnees in satisfaction of the final judgment. Discovering that he had failed to consider the $8,800 previously withdrawn, the clerk requested return of the check for the issuance of a new one in the proper amount, whereupon condemnees returned it with instructions not to issue a new check until disposal of pending motions. These instructions were apparently to avoid the consequences of Section 73.131(1), Florida Statutes (1969)[1], which requires the dismissal of an appeal by one who accepts the amount due him by reason of the final judgment. During the course of several unsuccessful appeals the clerk paid from the court registry such sums to other property owners as to leave insufficient sums in the registry to satisfy the final judgment in favor of con-demnees.
The condemnees sought interest on that portion of the final judgment which exceeded the amount withdrawn for the period of time from the date of possession to the date of payment after all appeals had been exhausted. The trial court granted interest but not for the period requested by the condemnees. This appeal is from that order.
The condemnees contend that the only way to breathe constitutional life into Section 73.131(1) is to require payment of interest for the whole period of time until actual payment of the final judgment, notwithstanding the extended period during which they prosecuted their appeals. Otherwise, it is argued, appellants are denied their constitutional right to appeal pursuant to Article V, Section 4(b)(1), Florida Constitution, and their right to full compensation for the property taken pursuant to Article X, Section 6(a), Florida Constitution. In other words, by exercising their constitutional right to appeal they are required to sacrifice their property and the use of its money value during the appellate process, thereby denying them full compensation.
Appellants rely heavily upon M. S. Alper & Son, Inc. v. Director of Public Works, 98 R.I. 154, 200 A.2d 583 (1964). This reliance is misplaced, however, because that case did not deal with the period of time during the appellate process but rather with that period of time between the date of taking and the date upon which the jury determined the fair market value of the property. Florida allows interest for that period of time upon the excess over the amount of the condemnor’s good faith estimate of value which is deposited in the registry of the court upon taking and is available to the condemnee. Section 74.061, Florida Statutes (1969). Unlike Florida, Rhode Island made available to the condemnee only 50% of the condemnor’s offer prior to the determination of fair market value by the jury. Alper, supra, 200 A.2d at 586.
We find no constitutional infirmity under the facts of this case. “Full compensation” is determined by the jury verdict and final judgment is thereupon entered in accordance with that verdict. Under the *830 statutory scheme in Florida the condemnor is required to deposit within twenty days after rendition of the judgment the amount set forth in the judgment into the registry of the court for the use of the condemnee; otherwise, the proceeding is null and void. Section 73.111, Florida Statutes (1969). Thus, “full compensation” is available to the condemnee immediately upon the deposit of that amount into the registry of the court unless the condemnee elects to contest the judgment on appeal. In the event that such an appeal is successful several jurisdictions provide interest on the sum ultimately found due. See, Annot., 36 A.L.R.2d 337, 463. We are not dealing with such a situation, however, as the condemnees’ several appeals were unsuccessful in the instant case.
In the case sub judice there were sufficient funds in the registry of the court, as evidenced by the clerk’s check which was forwarded to the condemnees, to pay the full compensation. The fact that the check exceeded the amount to which the con-demnees were entitled is irrelevant because the condemnees returned that check and specifically instructed the clerk not to issue another one. The refusal to accept the amount evidenced by the final judgment should not act to the detriment of the con-demnor. It is also irrelevant that during the pendency of the appeals there were insufficient funds in the registry to satisfy the final judgment. Such insufficiency would have been obviated had the con-demnees accepted payment in lieu of exercising their right to appeal. It has long been the .law of this jurisdiction that a party who accepts the benefits of a final judgment is estopped to seek reversal by appeal, and accepting such benefits amounts to a release of errors. Lovett v. City of Jacksonville Beach, 187 So.2d 96 (Fla. 1st DCA 1966). We see no justifiable reason for not applying this principle to condemnation cases.
The authorities are hopelessly divided as to when interest is available to a condemnee. See, 30 C.J.S. Eminent Domain Section 333(2). Counsel have not provided us, nor has our research discovered, any authority from this jurisdiction specifically on point. Prior to 1965, by statute, a compensation award included, as part of the “just” compensation, interest on the amount awarded from the date of surrender of possession to the date of payment. Interest was not allowed on so much of the award as had been paid into court. Section 74.06, Florida Statutes (1941). This statute was amended, however, by Section 74.061, Florida Statutes (1965), and dealt only with those situations in which there was a “quick” taking. The latter statute allows interest only for the period between the date of surrender of possession to the date of payment and only on the amount by which the verdict exceeds the estimate of value set forth in the declaration of taking. It therefore appears that the legislature has adopted the view that any provision for interest is not part of the compensation for the taking of property but rather a penalty for the delay in making such payment. The delay here was occasioned by the act of the condemnees in appealing the final judgment, albeit they had such a constitutional right. The appeals failed to increase the amount determined as full compensation by the jury. Therefore, “full compensation” was originally determined by the jury and available to the condemnees and they may not now seek interest on that amount from the time of entry of final judgment. See, Mayor, et al., of City of Liberty v. Boggess, 347 S.W.2d 247 (Mo.App.1961).
The accrual of interest on a final judgment is terminated by a tender of payment sufficient at law. Stager v. Florida East Coast Railway Co., 189 So.2d 192 (Fla. 3d DCA 1966). Pursuant to statute the condemning authority is required to deposit into the registry of the court the amount of the final judgment. Such a deposit is tantamount to a tender sufficient at law and, in the case sub judice, such a deposit was made, only to have payment rejected. We hold that the deposit into the registry of the court as required by statute tolls the running of interest on a final judgment for a condemnee who thereafter unsuccessfully attacks the final judgment on appeal.
*831 This case focuses on a problem which warrants the Legislature’s attention. The condemnor is required to deposit monies into the registry of the court thereby losing the use thereof. The condemnee, if he elects to appeal, is precluded from withdrawing those funds. No provision exists for authorized investment of those specific funds which are deposited subsequent to final judgment. Thus, no one has the use of those funds which lie idle during the appellate process and appropriate legislation appears warranted.
Having determined that Section 73.-131(1), Florida Statutes (1969), does not suffer from any constitutional impediment and that the condemnees are not entitled to interest until the date of actual payment, the order of the trial court should be affirmed.
AFFIRMED.
ANSTEAD and LETTS, JJ., concur.

. Section 73.131(1), Fla.Stat. (1969):
“Appeals in eminent domain actions shall be taken in the manner prescribed by law and in accordance with the appellate rules, except that an appeal shall not prevent appropriation of the property by the petitioner where the amount awarded by the judgment has been deposited with the court as aforesaid. If, at any time after entry of the judgment, a defendant shall take out of the court the amount due him, any pending appeal taken by him shall be dismissed by the appellate court upon the filing of a certificate by the clerk of the circuit court stating that the defendant taking the appeal has withdrawn the amount due him.”