372 So.2d 500 (1979)
DIVISION OF ADMINISTRATION, State of Florida, DEPARTMENT OF TRANSPORTATION, Appellant,
v.
Mike TSALICKIS and Trudie Jerkins, Appellees.
No. 78-720.
District Court of Appeal of Florida, Fourth District.
June 13, 1979.
*501 Alan E. DeSerio, Appellate Section, Atkinson Edwin Pooser, IV, and H. Reynolds Sampson, Gen. Counsel, Tallahassee, for appellant.
Ronald E. Lee of Law Offices of Ronald E. Lee, and Harvey J. Garod of Law Offices of Reasbeck & Fegers, P.A., Hollywood, for appellees.
LETTS, Judge.
Following an amended motion to assess interest filed some ten months after a final judgment the court so ordered. We reverse.
At issue here is a condemnation suit which resulted in the entry of a final judgment upon joint motion of the parties which final judgment said in part,
"... it appearing to the Court that the parties are authorized to enter into such Motion, the Court finding that the compensation to be paid by the Defendant is full, just, and reasonable for all parties concerned, and the Court being fully advised in the premises, it is
ADJUDGED that the Plaintiffs Mike Tsalickis and Trudie Jerkins do have and recover of and from the Defendants the sum of Seven Thousand and 00/100 ($7,000.00) Dollars in full payment for the property (Designated Parcel No. 183) taken and for damages resulting to the remainder if less than the entire property was taken and for all other damages of any nature... ."
Some ten months after the entry of the above quoted final judgment, the property owner filed a motion to assess interest on the award and for additional attorney's fees. The interest claimed, dated back to the date of taking (1970) all the way through to the final judgment, dated March 28th, 1977 and beyond until the date of payment. The trial court granted this motion and awarded $3,050 in interest on the $7,000 award from March 1, 1970 on up through the final judgment to the date of payment some 60 days later. This was error.
We would commence by pointing out that the Circuit Court had no jurisdiction whatsoever to entertain this motion some ten months after the final judgment. It is true that this particular point is not raised on appeal, however, since this is a question of jurisdiction, we will address it.
In addition to the language quoted above, the final judgment only provided that "attorney's fees and costs will be determined by the court at a hearing to be set upon motion." Pursuant thereto, the attorney's fees and costs were awarded some 30 days later. The final judgment contained no other provisions whatever for continuing jurisdiction. This being so, it was clearly improper for the property owner to walk into the courthouse some ten months later and file a motion for additional interest. Under Florida Rule of Civil Procedure 1.540 this could not be done, unless the motion filed attempted to allege clerical mistakes, mistakes by inadvertence, excusable neglect, newly discovered evidence or fraud, all in accordance with Rule 1.540. No Rule 1.540 grounds were alleged.
The foregoing effectively disposes of this appeal, but while in the process we see fit to address the point raised which claims that the trial court erred in awarding interest subsequent to a consent judgment entered into by the parties.
It is clear to us that the parties stipulated by joint motion, to the entry of the final judgment the wording of which settled the entire controversy for the amount stated, with no provision for interest. U.S. v. 71,500 Square Feet, Etc., 69 F. Supp. 810 (S.D.New York 1947). The wording in the final judgment, stipulated to by the parties, stated that the $7,000 amount was "full, just, and reasonable" and was "in full payment for the property." See Behm v. Division of Administration, 366 So.2d 828 (Fla. 4th DCA 1979). See also In U.S. v. Certain Land in City of St. Louis, Etc., 58 F. Supp. 305 (E.D.Mo. 1944). Were we to decide that interest was still assessable, our decision would constitute a holding that interest is always due as a matter of law despite any agreement between the *502 parties. The judgment here, in effect, is a consent final judgment and as such the wording is a binding contract. Curtiss-Wright Corporation v. Exhaust Parts, Inc., 144 So.2d 822 (Fla. 3d DCA 1962).
This opinion should not be construed as being contrary to the provisions of Section 74.061, Florida Statutes (1977) and we are aware that that statute provides that interest be allowed from the date of surrender of possession to the date of payment. However, the statute is not applicable here in view of the above discussions pertaining to the agreed upon provisions of the final judgment.
Lastly however, we likewise do not hold that no interest whatever need be paid on this judgment inasmuch as the provisions of Section 55.03, Florida Statutes (1977) will apply from the date of the final judgment on March 28th, through the date of payment thereof, some 60 days later.
REVERSED IN ACCORDANCE HEREWITH.
CROSS and MOORE, JJ., concur.