A. F. WALLACE v. A. W. GAGE, as Trustee.

150 So. 799.
Division A.
Opinion Filed November 13, 1933.

*Thomas Hamilton,* for Plaintiff in Error;

*John C. Polhill,* for Defendant in Error.

DAVIS, C. J.—This was a suit at law on two promissory notes sued on by defendant in error, who was trustee under a mortgage given to better secure their payment. The two notes were fully described in, attached to, and made a part of plaintiff's declaration. Two amended pleas survived plaintiff's demurrers. So the case finally went to trial on the issues raised by defendant's two amended pleas. At the

trial, a verdict was directed for plaintiff. From the judgment rendered thereon, defendant has taken writ of error.

There was no error in admitting the notes in evidence over defendant's objection on the ground of variance. This is so because the notes introduced in evidence were identical with those attached to and made a part of plaintiff's declaration. Furthermore, no issue was presented by the pleadings denying the making, execution or delivery of the notes sued on, the only pleas interposed being pleas in confession and avoidance.

The defendant's amended first and second pleas were to the effect that the notes had been satisfied and discharged by a mortgage foreclosure covering them with application of sufficient of the proceeds of the foreclosure sale to the mortgage debt to discharge the notes. But this was a suit on two notes out of a foreclosure series aggregating $20,000.00. All the notes were equally debts of the maker, although some of them were secured by first lien, while others were secured by a second lien, on the foreclosed property. Only the sum of $15,000.00 was realized at the foreclosure sale. This was not sufficient to discharge the entire series of mortgage notes aggregating $20,000.00. Nor was it found at the trial that any express application of payment to these notes had ever been made by order of the Chancellor or under any other circumstances sufficient to constitute a satisfaction of these notes in particular. The burden of showing that the notes had been discharged was on defendant. Defendant did not meet that burden at the trial.

The declaration was sufficient to meet the rule controlling recovery of attorney's fees, because the declaration alleged that plaintiff had become obligated, under the terms of the notes, for the payment of attorney's fees in such reasonable

amount as might be fixed at the trial of the suit brought to collect same.

There was no error in rejecting from the evidence the master's report of the foreclosure sale which report was not shown to have been confirmed by the court. This conclusion is inevitable, because there was nothing therein contained sufficient to show that the notes sued on in this suit had been discharged and satisfied from the proceeds of the foreclosure, as averred by the pleas. It was within the province of the Chancellor in winding up the foreclosure suit, to order that the funds realized on the foreclosure sale be applied in full satisfaction of those notes that, under the terms of the mortgage, were a first lien, in preference to those subsequently numbered that constituted a second lien. The Chancellor may still have power to direct such application, which if done, will discharge the judgment here involved, to the extent that the proceeds of the foreclosure are so used for the purpose of paying the notes here in suit. But no showing was tendered that any such application has ever been sought from, or ordered by, the Chancellor in the foreclosure case. The rejected report does not disclose that the notes here sued on have ever been discharged, as set up in the pleas, nor would the evidence prove that fact if it were received.

It follows that the judgment should be affirmed and it will be so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.