BARKDULL, Chief Judge.
By these consolidated appeals, we are called upon to review the propriety of a final judgment awarding damages to the plaintiff in the trial court for work performed pursuant to a construction contract and also a post final judgment which awarded the plaintiff attorney’s fees, allegedly pursuant to § 713.29, Fla.Stat.
The plaintiff’s complaint was a simple complaint for damages upon alleged breach of contract; there was no claim to enforce a lien either against the real property or to impress a lien against a bond, which had been posted pursuant to § 713.24, Fla.Stat. A notice of lien had been filed by the plaintiff, but it had been transferred to bond; but the surety company on the bond was not even made a party-defendant. Kleinman v. Bal Harbour Towers, Inc., Fla.1967, 198 So.2d 830.
We affirm the trial judge’s entry of a monetary amount as damages as to breach of the construction contract, but we reverse the award of attorney’s fees. Where no lien is found to exist in an action to foreclose a mechanic’s, workman’s, or materialman’s lien under Ch. 713, Fla. Stat., but a money judgment is entered for the lienor, the court may not award the lienor attorney’s fees. Ch. 713.29, Fla. Stat., provides:
“In any action brought to enforce a lien under part I of this chapter, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, to be determined by the court which shall be taxed as part of his costs.”
In Emery v. International Glass & Mfg., Inc., Fla.App.1971, 249 So.2d 496, a lien claimant was unsuccessful in his foreclosure action, but a money judgment was entered in his favor. The Second District Court of Appeal, in reversing the award of attorney’s fees, held:
j}; ‡ ‡
“ * * * a claimant is not entitled to attorneys’ fees under the section before us, notwithstanding that he ultimately prevails in the case, unless the mode and substance of his recovery is as expressly provided for within the lien law itself. * * * »>
s}c >}í i}c ;{£ ij*
Attorney’s fees may be awarded only to a prevailing party in a lien foreclosure action, and not to a prevailing party in a simple suit for money damages. Jackson v. Hatch, Fla.App.1974, 288 So.2d 564.
*842 Therefore, for the reasons stated, the final judgment in the amount of $3,265.95 be and the same is hereby affirmed, but the order awarding attorney’s fees in the amount of $1,875.00 be and the same is hereby reversed.
Affirmed in part; reversed in part.