331 So.2d 329 (1976)
Maria T. HERNANDEZ, Appellant,
v.
TRAVELERS INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 75-865.
District Court of Appeal of Florida, Third District.
April 20, 1976.
*330 Levenstein & Burke & Associates, and Linda Dakis, Miami, for appellant.
High, Stack, Davis & Lazenby, and Alan R. Dakan, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN, Judge.
Plaintiff, Maria Hernandez, having recovered a judgment in the amount of $600 against defendant, Travelers Insurance Company, appeals from a post-judgment order of the trial court assessing costs of $706.92 against her in favor of Travelers. Travelers cross-appeals from the same order awarding plaintiff $1,000 for her attorneys fees arising out of the suit.
Hernandez sued Travelers, her no fault insurance carrier under the Florida Automobile Reparations Reform Act,[1] for personal injury protection benefits in the amount of $832.85 under the terms of her policy. Prior to trial, Travelers, pursuant to Rule 1.442, RCP, made a timely offer of judgment[2] in the amount of $600 to allow *331 judgment to be taken against it "in favor of plaintiff(s) Maria T. Hernandez, and her attorney, Jerold Hart." This was refused by Hernandez.
Pursuant to §§ 627.428 and 627.736(4)(b) and (c), Fla. Stat., after trial and entry of final judgment, Hernandez filed a motion to tax costs and to award attorneys fees and interest.[3] Travelers moved to tax costs against Hernandez based on its offer of judgment. The trial court taxed costs against Travelers in the sum of $30 and awarded Hernandez the above mentioned attorneys fees. Travelers was awarded the costs herein appealed.
The question raised by Hernandez is whether the jury award of $536 plus interest and attorneys fees exceeds the $600 offer of judgment filed by Travelers and refused by Hernandez. We think so. The offer of judgment in itself is dispositive of this question as such offer was in favor of Hernandez and her attorney, Jerold Hart. The offer can only be interpreted as including attorneys fees for Hernandez which obviously, as the record reflects, is more favorable than the $600 offer. Had the offer been made only to the adverse party, (Hernandez), as provided by Rule 1.442, RCP, then the court could have awarded attorneys fees for work done up to the time of the offer of judgment. When an offer of judgment is made, the defendant stops the running of further costs[4] and attorneys fees.[5] This is a proper interpretation of the Rule. Rule 1.442, RCP, is designed to induce or influence a party to settle litigation and obviate the necessity of a trial. Santiesteban v. McGrath, Fla.App. 1975, 320 So.2d 476.
The offer of judgment being less than the amount recovered by Hernandez, the orders assessing costs against her in the sum of $706.92 and the order denying her interest are reversed.
Travelers argues on cross-appeal that the offer of judgment precluded an award for attorneys fees under § 627.428(1) Fla. Stat., because the amount recovered by Hernandez was less than the offer of judgment. We reject this as unsound because the amount recovered was in excess of the offer of judgment as we have herein held. Therefore, the award of attorneys fees is affirmed.
Affirmed in part and reversed in part.
NOTES
[1] Sections 627.730 to 627.741, Fla. Stat.
[2] Rule 1.442, RCP, entitled "Offer of Judgment" provides in pertinent part,

"At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued... . If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer..."
[3] Section 627.428, Fla. Stat., provides for an award of attorneys fees upon the rendition of a judgment or decree in a Florida State Court against an insurer and in favor of an insured. Section 627.736(4)(b), sets out the time period within which personal injury protection benefits must be paid, and if not paid, when they become overdue.

Section 627.736(4)(c) provides that all overdue payments shall bear simple interest at the rate of 10 percent per annum.
[4] Rule 1.442, RCP, quoted in text of opinion; Truth Seeker Co. v. Durning, 2d Cir.1945, 147 F.2d 54, 56.
[5] See Johnny Morrow's Wrecking Crew, Inc. v. Slate, Tex.Civ.App., 368 S.W.2d 32, 33.