343 So.2d 1357 (1977)
Julia Fay TUCKER, by and through Her Father and Next Friend, William Tucker, and William Tucker, Individually, Appellants,
v.
SHELBY MUTUAL INSURANCE CO. OF SHELBY, OHIO, and Lou Goldman, Appellees.
No. BB-201.
District Court of Appeal of Florida, First District.
April 6, 1977.
*1358 Paul R. Stern, Stern & LaRue, Daytona Beach, for appellants.
J. Richard Caldwell, Jr. and Sutton G. Hilyard, Jr., Pitts, Eubanks, Ross & Rumberger, Orlando, for appellees.
ERVIN, Judge.
This is an appeal by plaintiff-appellants from a cost judgment awarding certain accrued costs in favor of defendants-appellees. Julia Fay Tucker, a minor, through her father and next friend, William Tucker, brought a personal injury action against appellees based upon the negligent operation of an automobile by appellee Lou Goldman. She sought damages for bodily pain, suffering and disfigurement. William Tucker, individually, in the same action, sought damages for medical expenses and the denial of the services of his child resulting from the accident. On June 18, 1975, Shelby Mutual Insurance Company filed its offer of judgment in the amount of $6,000.00, plus costs accrued, for the combined claims of Julia Fay Tucker and of William Tucker, individually. The offer of judgment was refused. The case proceeded to trial and on November 20, 1975, a verdict was returned assessing damages in favor of Julia Fay Tucker in the amount of $1,500.00 and William Tucker in the amount of $2,029.20.
The Tuckers appealed the cost judgment which denied their costs incurred after the offer of judgment, alleging generally that Fla.R.Civ.P. 1.442 does not permit an offer in gross to two parties plaintiffs having separate causes of action. Rule 1.442 provides in part:
"At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer."
The Tuckers argue that because of the specific wording of the rule, an offer may only be made by one party to another in a specific action and does not apply to a single offer to two parties having separate causes of action. Thus they conclude that an offer of judgment addressed to two parties is void unless it directs the specific amount to be paid each party. The claims for damages of Julia Tucker and her father are separate and distinct. A parent's right of action for recovery of loss of his child's services and medical expenses is independent of the right of action of the child arising from the same incident. Cicero v. Paradis, 184 So.2d 212 (Fla. 2nd DCA 1966). Still, it is obvious that joinder of the two distinct claims into one cause of action is, under the circumstances, most appropriate. In the first place the child can not bring the cause of action in her own right but may only sue by a duly appointed representative, or as in this case, by her next friend, her father. Fla.R.Civ.P. 1.210(b). Secondly, since the claims of the respective parties arose from the same transaction, their interests may be joined in the same action. Fla.R.Civ.P. 1.210(a). Thus where the claims of a father and his minor daughter are properly joined in one action we fail to see that violence has been done to the rule by a defendant making one offer to both parties.
The Tuckers additionally complain that since the offer was made in gross, the clerk could not comply with his ministerial function under the rule to enter judgment, had *1359 the offer been accepted, since of necessity it had to be apportioned between the parties. Moreover, they state that there being no provision in the rule for action by the court in entering judgment, the rule conflicts with Section 744.387, Florida Statutes (1975), requiring that offers of settlement to minors must first be approved by the court. Subsection 3(a) of the statute provides:
"No settlement after an action has been commenced by or on behalf of a minor or other incompetent shall be effective unless approved by the court having jurisdiction of the action."
We do not believe the provisions of the rule and Section 744.387 are irreconcilable. We feel that a reasonable interpretation is that the court must first approve a settlement offer made for the benefit of a minor before judgment can be entered by the clerk. Once the offer is approved, the court need only specify in its order the amount payable to each party, pursuant to agreement of the parties, and the clerk is required then to enter judgment in accordance with the order.
To accept the appellants' argument that the rule has no application to the type of offer on appeal would result in an overly technical interpretation of Rule 1.442. The rule is designed to induce a party to settle litigation and obviate the necessity of a trial. Santiesteban v. McGrath, 320 So.2d 476 (Fla. 3rd DCA 1975); Hernandez v. Travelers Insurance Company, 331 So.2d 329 (Fla. 3rd DCA 1976). The underlying purpose of encouraging settlement has been stated in Wright and Miller, Federal Practice and Procedure, section 3001 as follows:
"Although the privilege of an offer of settlement is extended only to the party defending against a claim, it furnishes a just procedure to all parties concerned. It is fair to the claimant because it does the defending party no good to make an offer of judgment that is not what the claimant might reasonably be expected to recover; he will not free himself of the costs if the judgment recovered is more than the offer. It is certainly fair to the defending party because it allows him to free himself of the court costs by offering to make a settlement. It is of great benefit to the court because it encourages settlements and discourages vexatious suits and thus diminishes the burden of litigation."
It should be emphasized that our opinion is restricted to the specific facts of this case, i.e., involving the separate claims of a minor and her father which arise from the same transaction.
AFFIRMED.
BOYER, C.J., and RAWLS, J., concur.