369 So.2d 954 (1978)
AETNA INSURANCE COMPANY, a Corporation Authorized to Transact Business in the State of Florida, Appellant,
v.
Patrick SETTEMBRINO and Maria Settembrino, His Wife, Appellees.
Nos. 77-1864, 77-2063.
District Court of Appeal of Florida, Third District.
September 12, 1978.
Rehearing Denied October 9, 1978.
George J. Baya, Miami, for appellant.
Robert S. Korschun, Miami, for appellees.
Before HENDRY and HUBBART, JJ. and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellant/defendant/insurer takes this consolidated appeal from an "interest judgment" and a "judgment for attorney's fees" both rendered in favor of appellees/plaintiffs/insureds.
The underlying facts of this case can be found in Aetna Insurance Company v. Settembrino, 324 So.2d 113 (Fla.3d DCA 1975), an interlocutory appeal from a partial summary judgment, wherein we affirmed a judgment which held appellant, Aetna Insurance Company, liable to appellees, the Settembrinos, as assignees, under two policies *955 of fire insurance issued by appellant and covering a building and its contents which were subsequently damaged by fire.
At the end of a jury trial on the damage question, a verdict was returned for appellees in the amount of NINETEEN THOUSAND, SIX HUNDRED ($19,600.00) DOLLARS. Final judgment was thereupon entered in the principal amount "plus interest, costs, and attorney's fees to be determined at a later time." Subsequently, the trial judge entered a judgment for interest in the sum of SEVEN THOUSAND FIVE HUNDRED, SIXTY-FOUR ($7,564.33) DOLLARS and THIRTY-THREE CENTS, computed from the date of the loss in December 28, 1970, to the date of the verdict on June 3, 1977, at the rate of six (6%) per cent on the principal sum of NINETEEN THOUSAND, SIX HUNDRED ($19,600.00) DOLLARS. Pursuant to Section 627.428, Florida Statutes (1975), a judgment for attorney's fees, in the amount of FIFTEEN THOUSAND ($15,000.00) DOLLARS was also entered in favor of appellees.
From the above judgments, appellant has taken this consolidated appeal. Appellees have cross-appealed from the judgment on attorney's fees.
Firstly, regarding the award of attorney's fees, appellant contends that said fees are excessive, in light of the jury verdict. Appellees, on the other hand, argue that the award is inadequate. We disagree on both counts. Other factors besides the amount of final judgment may be considered in determining the amount of attorney's fees. Republic National Life Insurance Company v. Valdes, 348 So.2d 566 (Fla.3d DCA 1977). In light of the protracted litigation (six years) involved in this lawsuit, we cannot say that, pursuant to an evidentiary hearing on the matter, the trial judge abused his discretion in entering the aforementioned award. Massachusetts Indemnity & Life Insurance Company v. Schupper, 301 So.2d 789 (Fla.3d DCA 1974); All-Star Insurance Corporation v. Scandia, Inc., 353 So.2d 171 (Fla.3d DCA 1977).
Secondly, regarding the "interest judgment," it is appellant's contention that the trial judge erred in entering an interest judgment when the jury verdict made no reference to, or allowance for, interest therein. In that the jury verdict is silent with respect to interest, it is our opinion that the trial judge did, in fact, so err. Schulman v. Cort Aviation Corporation, 330 So.2d 114 (Fla.3d DCA 1976); Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502 (Fla.3d DCA 1977).
Accordingly, the "judgment for attorney's fees" is affirmed, while the "interest judgment" is reversed.
Affirmed in part; reversed in part.