368 So.2d 920 (1979)
WISCONSIN LIFE INSURANCE COMPANY, a Corporation, Appellant,
v.
Nora A. SILLS, Appellee.
No. KK-499.
District Court of Appeal of Florida, First District.
March 8, 1979.
Rehearing Denied April 18, 1979.
*921 John F. MacLennan of Kent, Watts, Durden, Kent & Mickler, Jacksonville, for appellant.
F.R. Brock and A. August Quesada, Jr. of Wildt, Quesada, Brock & Skinner, Jacksonville, for appellee.
PER CURIAM.
Wisconsin Life Insurance Company appeals from a Circuit Court Judgment awarding appellee Sills, beneficiary of a life insurance policy on her deceased husband's life, interest, costs, and attorneys' fees aggregating $7,054.80. The death benefit, in the amount of $21,000, was paid by the insurer simultaneously with the filing of appellee's complaint, on September 16, 1977, to recover the death benefit, costs and attorneys' fees.
The benefit in issue was payable if the insured became totally disabled on or before April 22, 1976, while his insurance was in effect, and if he remained so disabled uninterruptedly until his death on July 2, 1976. The trial court found by *922 summary judgment that proofs to that effect were submitted to Wisconsin Life on July 5, 1977. We agree with that finding and consequently hold that the death benefit was then payable, failing which interest began to accrue and did accrue until the benefit was paid on September 19, 1977. Because the insurer was not obliged to pay the death benefit in question until proper proofs were submitted on July 5, 1977, we respectfully disagree with the trial court's decision that interest was payable from the date of death.
Because the death benefit was payable in July, 1977, the complaint filed September 16, 1977, was not premature under Section 627.428(2), Florida Statutes (1977), which disallows attorneys' fees in suits on life policies "commenced prior to expiration of 60 days after proof of the claim was duly filed with the insurer." Attorneys' fees were properly assessable against the insurer. By the Final Judgment entered in July, 1978, the trial court awarded fees based on an evaluation of the services of the beneficiary's lawyer throughout the litigation until the time of the Judgment. Yet on October 31, 1977, scarcely two weeks after the litigation began and the death benefit was paid, the insurer filed an offer of judgment under Fla.R.Civ.P. 1.442. The insurer offered "to allow judgment to be taken against it in this action, in the amount of $1,540.00, together with costs accrued to this date." The plaintiff beneficiary did not accept the offer. The sum of $1,540.00 exceeded the interest at the legal rate payable either from the date of death or from the date proofs were filed in July, 1977, but did not exceed the sum of both interest and attorneys' fees, which the trial court finally assessed at $5,500.00.
We hold that the offer of judgment was effective to arrest costs as of October 31, 1977, and therefore that the insurer's liability for attorneys' fees did not accrue beyond that date. The efficacy of the offer of judgment was not lessened by its failure to include in the stated dollar sum an estimate for attorneys' fees incurred to that point, or by the insurer's failure to submit explicitly to a judgment for attorneys' fees as well as for costs. The purpose of Rule 1.442 is to encourage defendants to acquiesce in claims discovered during litigation to be meritorious and to shift to the claimant the financial burden of carrying on litigation beyond the point where an appropriate offer of judgment on the merits is made.
The terms of Rule 1.442 do not require that the defendant concede liability for attorneys' fees, either in fact or in amount. The purposes of the rule would appear to be better served by allowing attorneys' fees, like costs, to be determined by the Court independently of the merits. A defendant would require prophetic powers to estimate the amount of fees to be awarded for his adversary's services. Moreover, an insurer defendant who correctly estimates and offers to concede its liability for the benefit in issue should not be required to acquiesce also in liability for attorneys' fees accrued to the date of the offer of judgment or else incur continuing liability for still more fees. Rule 1.442 permits the defendant both to settle on the merits and to contest all costs, including attorneys' fees. See Hernandez v. Travelers Ins. Co., 331 So.2d 329 (Fla. 3d DCA 1976).
We hold, accordingly, that Wisconsin Life's offer of judgment was effective to arrest its liability for costs and attorneys' fees as of October 31, 1977. The fee assessment to be made on remand should include an allowance for services required on remand to establish the fee award for services prior to October 31, 1977. The trial court will include in the new judgment interest from July 5, 1977, to September 19, 1977.
REVERSED.
McCORD, C.J., and SMITH and MELVIN, JJ., concur.