383 So.2d 280 (1980)
C. Conrad MERSHON, Jr., Appellant,
v.
BUCKLES-THOMPSON, INC., a Florida Corporation, Appellee.
No. OO-425/T1-140.
District Court of Appeal of Florida, Fifth District.
May 7, 1980.
Jeffrey C. Fulford of Adams & Hill, Orlando, for appellant.
John D. Mussoline of Clark & Mussoline, Palatka, for appellee.
PER CURIAM.
The complaint in this case alleges performance of an oral contract for land clearing and a balance due under the contract. Although the complaint alleges that a claim of lien had been filed, there is no request to foreclose that claim of lien. Even if interpreted as a foreclosure of a mechanic's lien, the proof at time of trial only sustains a suit for damages on an oral contract. There is no evidence as to notice to owner or to show that it qualifies under the "sub-division exception"[1] as set forth in American Fire and Casualty Co. v. Davis Water and Waste, 377 So.2d 164 (Fla. 1979).
In order to be awarded attorney's fees, the suit must be on a foreclosure of mechanic's, workman's or materialman's lien, Nelson's Inc. v. Halifax Construction Company, 305 So.2d 840 (Fla.3d DCA 1974). A suit on an oral contract does not sustain an award of attorney's fees. There is sufficient evidence to sustain the judgment on the oral contract but not for foreclosure of a mechanic's lien. Therefore the judgment as to the amount of damages is affirmed. The judgment as to the award of attorney's fees is reversed.
CROSS and SHARP, JJ., and BROWNLEE, JACKSON O., Associate Judge, concur.
NOTES
[1] Section 713.04, Fla. Stat. (1979).