444 So.2d 1085 (1984)
ENCOMPASS INCORPORATED, Appellant,
v.
Donald O. ALFORD and June Alford, Appellees.
No. AS-323.
District Court of Appeal of Florida, First District.
January 25, 1984.
Rehearing Denied February 24, 1984.
*1086 John A. Barley, Tallahassee, for appellant.
Edwin F. Blanton, Tallahassee, for appellees.
NIMMONS, Judge.
Encompass Incorporated appeals from an order denying its motion for attorney's fees pursuant to Section 713.29, Florida Statutes (1981), and pre-judgment interest. We affirm.
Encompass filed suit against the Alfords seeking foreclosure of a mechanic's lien arising out of a dispute over the former's construction of a house for the Alfords. Appellant's amended complaint, although not divided into counts, purported to state claims for damages for breach of the construction contract, foreclosure of a mechanic's lien under Chapter 713, and "equitable relief."
The Alford's attorney served upon counsel for Encompass an offer of judgment pursuant to Fla.R.Civ.P. 1.442. The offer stated:
OFFER OF JUDGMENT
Defendants, DONALD O. ALFORD and JUNE ALFORD, by and through their undersigned attorney, file this their Offer of Judgment, pursuant to Rule 1.442, Florida Rules of Civil Procedure. Defendants offer to pay the sum of Nine Thousand Five Hundred Dollars ($9,500.00), which includes payment for taxable costs incurred to date as full and final settlement of this cause.
Counsel for Encompass timely accepted the offer by filing and serving its notice of acceptance which briefly stated that Encompass "hereby acknowledges acceptance of Defendants' October 15, 1982, Offer of Judgment." Pursuant to motion of Encompass, the trial court entered judgment on October 28, 1982, which provided that "Plaintiff, Encompass Incorporated, have and recover from Defendants ... the sum of $9,500.00, which sum includes costs incurred through October 15, 1982, for which let execution issue."
Encompass filed on March 1, 1983, its motion seeking interest, costs and attorney's fees. At the hearing thereon, Encompass withdrew its claim for costs. The trial court entered its order on March 29, 1983, denying Encompass' motion. On April 6, 1983, Encompass executed a satisfaction of the judgment and the satisfaction was subsequently recorded.
We first address the question of whether, assuming that Encompass qualified for attorneys fees as a prevailing party under Section 713.29, the absence of any reference in the offer of judgment and in the acceptance thereof precluded Encompass from recovery of fees. We hold that unless the offer and acceptance affirmatively indicate that the amount specified in the offer is to include attorney's fees, the plaintiff, by accepting the offer, is not precluded *1087 from seeking attorneys fees to which he may be entitled by statute. See Wisconsin Life Insurance Company v. Sills, 368 So.2d 920 (Fla. 1st DCA 1979); Parliament Insurance Company v. That Girl In Miami, Inc., 377 So.2d 1011 (Fla. 3rd DCA 1979); cf. Hernandez v. Travelers Insurance Company, 331 So.2d 329 (Fla. 3rd DCA 1976).
We next determine whether Encompass qualified for attorney's fees as a "prevailing" party under Section 713.29 which provides:
In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.
This section of the mechanic's lien law entitles a plaintiff to recover attorney's fees only in the event that he is successful in prosecuting his mechanic's lien cause of action. Emery v. International Glass & Mfg. Inc., 249 So.2d 496 (Fla. 2nd DCA 1971); cf. Nelson's, Inc. v. Halifax Construction Company, 305 So.2d 840 (Fla. 3rd DCA 1974); Mershon v. Buckles-Thompson, Inc., 383 So.2d 280 (Fla. 5th DCA 1980); but cf. S.C.M. Associates, Inc. v. Rhodes, 395 So.2d 632 (Fla. 2nd DCA 1981). In Emery, a lien claimant was unsucessful on his mechanic's lien foreclosure count but was awarded damages for breach of contract. The Second District reversed the award of attorney's fees to claimant holding that a claimant is not entitled to attorney's fees under Section 713.29 unless his recovery is based upon the lien law.
Of course, in the case at bar there was no trial and no ruling upon the validity of appellant's mechanic's lien theory. Appellant asks us to presume that it prevailed on its mechanic's lien theory. Appellant asks too much. Its complaint clearly sought money damages for breach of contract as an alternative to its lien foreclosure claim. The Alford's offer under Rule 1.442 was for Encompass to take judgment against it for a sum certain. The offer was accepted as tendered. Neither the offer nor acceptance mentioned anything about a judgment enforcing a mechanic's lien on the subject property or otherwise recognized the validity of appellant's lien theory. Indeed, the judgment which the court subsequently entered at the appellant's instance was a standard money judgment which mentioned nothing about a mechanic's lien.[1]
Statutes authorizing the award of attorney's fees are considered in derogation of common law so as to require strict construction. Jackson v. Hatch, 288 So.2d 564 (Fla. 2nd DCA 1974) (interpreting Section 713.29); Kittel v. Kittel, 210 So.2d 1 (Fla. 1967). Particularly in view of the authorities previously cited, we do not believe that Section 713.29 is susceptible to such a construction as would entitle the plaintiff to be regarded as a prevailing party on its mechanic's lien cause of action.
Finally, we address appellant's claimed entitlement to prejudgment interest. Appellant relies heavily upon Peter Marich & Associates, Inc. v. Powell, 365 So.2d 754 (Fla. 2nd DCA 1978). In that case, which did not involve the intervention of a Rule 1.442 offer of judgment, the court held that when a foreclosure suit is based upon a breach of contract, the party to whom the debt is owed is entitled to interest from the date the debt is due. We do not disagree with that principle. However, that principle is unavailing to a plaintiff who accepts an offer of judgment which proposes a sum certain without specifying anything with respect to prejudgment interest. Unlike attorney's fees awardable by statute to a prevailing party, prejudgment interest is an element of compensatory damages which must be determined *1088 by the trier of fact as any other element of damages. 32 Fla.Jur.2nd Interest and Usury § 17; Aetna Insurance Company v. Patrick Settembrino, 369 So.2d 954 (Fla. 3rd DCA 1978); cf. Division of Administration, etc. v. Tsalickis, 372 So.2d 500 (Fla. 4th DCA 1979). We conclude that an offer of judgment which contains only a single figure includes all elements of damages attributable to plaintiff's cause of action, including the damage resulting from deprivation of the use of the money. See Davis v. Chism, 513 P.2d 475, 482 (Alaska 1973).
For the foregoing reasons, the order appealed is AFFIRMED.
SMITH and WIGGINTON, JJ., concur.
NOTES
[1] We hasten to add, however, that we do not decide that the nature of the judgment entered pursuant to Rule 1.442 would necessarily be determinative in a case where the plaintiff was proceeding solely on a mechanic's lien theory. It is not necessary for us to rest our decision on that one factor and so we leave that isolated question to be decided another day.