454 So.2d 38 (1984)
RIVER ROAD CONSTRUCTION COMPANY, Appellant,
v.
RING POWER CORPORATION, Appellee.
No. AM-221.
District Court of Appeal of Florida, First District.
August 7, 1984.
*39 Clifford L. Adams, Jasper, for appellant.
Paul M. Harden, Jacksonville, for appellee.
PER CURIAM.
River Road Construction Company, defendant below, appeals the order of the trial judge finding that Ring Power Corporation, plaintiff below, was entitled to attorney's fees, costs, and interest over and above the amount set forth in River Road's offer of judgment.
Ring Power sued River Road for $8,792.46 due as a result of a business transaction between the parties, attorney's fees, costs, and interest. Attached to the complaint was a statement of account showing the amount owed to be $8,792.46. River Road defended on the ground that the scraper which was leased to it by Ring Power was defective, and claimed a setoff in the amount of $2,586.89 for repairs made. River Road thereafter served on Ring Power an offer of judgment pursuant *40 to Rule 1.442, Florida Rules of Civil Procedure, offering
to allow judgment in the sum of $6,205.57 in favor of the plaintiff, Ring Power Corporation.
Seven days later Ring Power filed and served an acceptance of the offer of judgment. Ring Power filed on the same day a motion to tax costs and attorney's fees.
At the hearing on the motion to tax costs and attorney's fees, Ring Power submitted for introduction into evidence an "Application for Credit" to open an account with Ring Power, that had been executed by River Road. The application provided, in part, that:
should the services of a lawyer be necessary to collect amounts outstanding, it is agreed by the undersigned that a reasonable collection fee will be imposed.
River Road objected to the claim for attorney's fees because a claim for attorney's fees had not been properly pled in Ring Power's complaint and because River Road's offer of judgment did not include an offer to pay attorney's fees. The only reference to attorney's fees in the complaint was:
4. Plaintiff is obligated to pay its attorney a reasonable fee for his services in bringing this action.
WHEREFORE, Plaintiff demands judgment for damages, reimbursement of costs in this action, interest and attorney's fees against the Defendant.
No document was attached to the complaint indicating a basis for entitlement to attorney's fees. Nevertheless, the trial court permitted introduction of the credit application and entered final judgment for Ring Power in the amount set forth in the offer of judgment plus $251.60 interest, $56.00 in costs, and $1,000.00 as a reasonable attorney's fee, for a total of $7,513.17.
On appeal, River Road contends that the trial court erred in awarding attorney's fees and interest. With respect to the award of interest, that question was not addressed at the above-referred hearing. In fact, Ring Power's motion to tax costs and attorney's fees made no reference to any claim for additional amounts attributable to prejudgment interest. On appeal, Ring Power states that the amount of interest awarded by the trial court was arrived at on the basis of "the statutory rate from the time of the acceptance of the offer of judgment through the entry of the order including the costs in (sic) attorney's fees."
Two issues coalesce in this case: (1) the burden of the party claiming attorney fees, costs, and interest to plead properly the claim, including setting forth the basis for entitlement to such items; and (2) the effect of an offer of judgment which neither expressly excludes nor includes costs, fees, and interest accrued as of the time the offer is made.
Rule 1.442 provides, in pertinent part, as follows:
At any time more than 10 days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued... . An offer not accepted shall be deemed withdrawn, and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer.
Costs are the statutory allowances recoverable by a successful party as an incident to the main adjudication and need not be specifically pled or claimed. Golub v. Golub, 336 So.2d 693 (Fla. 2d DCA 1976). We find that this allowance should be made regardless of whether the offer itself expressly refers to costs and that such costs are in addition to the amount stated in the offer of judgment. Accordingly, the trial court correctly allowed costs in addition to the stated amount of the offer.
With respect to the attorney's fees question, the significant point is that Ring Power's claim for attorney's fees was *41 based upon contract instead of statute. If the fee claim had been based upon statute, the omission of any reference to fees in the offer or acceptance would not be fatal to the plaintiff's subsequent claim therefor. See Encompass Incorporated v. Alford, 444 So.2d 1085 (Fla. 1st DCA 1984); Wisconsin Life Insurance Company v. Sills, 368 So.2d 920 (Fla. 1st DCA 1979); Parliament Insurance Company v. That Girl in Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979). However, where fee claims are based upon contract, such claims must be pled and proved as part of the damages suffered by the plaintiff, Wallace v. Gage, 112 Fla. 730, 150 So. 799 (1933), the entitlement thereto and the amount thereof being determined by the trier of fact (absent stipulation otherwise by the parties) in the same manner as other elements of damage. See Baruch v. Giblin, 122 Fla. 59, 164 So. 831, 833 (1935); Lamoureux v. Lamoureux, 59 So.2d 9, 12 (Fla. 1951).
Pertinent to our consideration of both the attorney's fees and prejudgment interest questions is our holding in a recent offer of judgment case:
Unlike attorney's fees awardable by statute to a prevailing party, prejudgment interest is an element of compensatory damages which must be determined by the trier of fact as any other element of damages. 32 Fla.Jur.2nd Interest and Usury § 17; Aetna Insurance Company v. Settembrino, 369 So.2d 954 (Fla. 3rd DCA 1978); cf. Division of Administration, etc. v. Tsalickis, 372 So.2d 500 (Fla. 4th DCA 1979). We conclude that an offer of judgment which contains only a single figure includes all elements of damages attributable to plaintiff's cause of action, including the damage resulting from deprivation of the use of the money. See Davis v. Chism, 513 P.2d 475, 482 (Alaska 1973). (e.s.)
Encompass Incorporated v. Alford, supra, 444 So.2d at 1087. Claims for attorney's fees based upon contract and claims for prejudgment interest should be treated alike as elements of damages which are an integral part of the plaintiff's cause of action. And when the defendant submits an offer of judgment in a sum certain, the plaintiff who accepts such offer will be precluded from recovering additional sums attributable to prejudgment interest or attorney's fees not awardable by statute.
Additionally, we find that the trial court, at the hearing on Ring Power's motion to tax costs and attorney's fees, reversibly erred in receiving into evidence, over River Road's objections, the above-referred credit application which provided for attorney's fees. Ring Power's complaint was a brief pleading stating a cause of action based upon an account stated. Although the ad damnum included a demand for attorney's fees, the complaint failed to include, either in the body of the complaint or in the statement of account attached thereto, anything which would frame the issue or suggest a basis for Ring Power's entitlement to attorney's fees. Under our rules of procedure, there is ample opportunity for the party seeking affirmative relief to plead his case and place the defendant upon proper notice by the allegations in the body of the complaint. Therefore, even if we were to agree with the trial court's assumption that an offer of judgment which makes no reference to fees does not preclude a subsequent award of nonstatutorily based fees, it was nevertheless improper for the court to receive in evidence, over River Road's objections, a document purportedly embodying an agreement between the parties to pay attorney's fees where the complaint had failed to state any basis for entitlement to such fees.
In sum, a proper offer of judgment was served and filed by River Road and it was accepted by Ring Power. The fact that Ring Power may not have realized that its acceptance of the offer in that form would preclude recovery of contractual attorney's fees and prejudgment interest should avail Ring Power nothing. Ring Power must be presumed to know the legal consequences of its own pleadings and its acceptance of River Road's offer of judgment.
*42 This case is REVERSED and REMANDED to the trial court for entry of a judgment for Ring Power in the sum of $6,205.57 plus the costs as taxed.
Pursuant to Fla.App.R. 9.030(a)(2)(A)(v), we certify the following as questions of great public importance:
Where, in an action at law for damages based upon an account stated, the defendant submits a Rule 1.442 offer to submit to judgment in a sum certain, which offer is accepted by the plaintiff, is the plaintiff entitled to recover an attorney's fee where such fee is based upon contract? Assuming that the answer to such question is in the affirmative, is it error for the trial court, after the plaintiff's acceptance of the defendant's offer, to award an attorney's fee where the complaint made only a bare allegation of entitlement to an attorney's fee without alleging any basis therefor and without attaching any contract or document referring to an agreement for an attorney's fee?
WIGGINTON and NIMMONS, JJ., concur.
BOOTH, J., dissents with opinion.
BOOTH, Judge, dissenting:
I dissent. This court should affirm the trial court's post-judgment award of attorney's fees. The majority decision striking those fees is based on a determination that fees allowable by contract are to be treated differently than fees provided by statute. Florida law is clear that statutory fees are considered as "costs" for the purpose of the offer of judgment rule, Rule 1.442, Florida Rules of Civil Procedure, and are allowed in addition to the sum offered unless specified otherwise.[1] No sound reason exists for creating a distinction between contractual and statutory fees for the purpose of the offer of judgment rule.
Attorney's fees for prosecuting or defending the action itself are allowable as costs when provided for by contract or statute. That general rule was stated by this court in Lutsch v. Smith, 397 So.2d 337, 341 (Fla. 1st DCA 1981), a suit involving contractual attorney's fees:
Attorney's fees may of course be taxed as costs incidental to the main cause of action if they are provided for by contract, agreement or statute.
In Miller v. Colonial Baking Company of Alabama, 402 So.2d 1365, 1367 (Fla. 1st DCA 1981), we stated:
[A]ttorney's fees may be taxed as costs if so authorized by contract or statute.
Specifically as to the offer of judgment rule, this court, in Wisconsin Life Insurance Company v. Sills, 368 So.2d 920, 922 (Fla. 1st DCA 1979), held:
The purposes of the rule [Rule 1.442] would appear to be better served by allowing attorneys' fees, like costs, to be determined by the Court independently of the merits. A defendant would require prophetic powers to estimate the amount of fees to be awarded for his adversary's services. Moreover, an insurer defendant who correctly estimates and offers to concede its liability for the benefit in issue should not be required to acquiesce also in liability for attorneys' fees accrued to the date of the offer of judgment or else incur continuing liability for still more fees. Rule 1.442 permits the defendant both to settle on the merits and to contest all costs, including attorneys' fees.
Attorney's fees may be an element of damages in certain cases, in which event they must be pleaded and proved as any other element of damage.[2] Perhaps some *43 of the confusion in this area of the law has arisen because of the failure to make the distinction between types of fees. This confusion has brought about the practice of putting on evidence as to fees during the trial of the case even when the fees sought are not in the nature of damages, as explained in Taggart Corporation v. Benzing, 434 So.2d 964, 965 (Fla. 4th DCA 1983),[3] wherein fees provided by contract to the prevailing party under a real estate agreement were denied by the trial court due to failure of the attorney to present evidence relating to a reasonable fee. The district court reversed and remanded for setting of a reasonable fee, holding (434 So.2d at 965):
The problem presented here is not a new one. Uncertain as to the solution thereof, most experienced trial lawyers, unless they stipulate otherwise, put on their proof for attorney's fees during the course of the trial. They thus treat the fee issue just as if it were any other item of damages, expressly to avoid the specter that here materialized.
... .
What is inescapably meaningful, is that even this court has approved presentation of proof concerning attorney's fees after judgment despite the absence of a stipulation to do so... .
... .
We do not perceive this to be an unhappy result. To require each side to be put to the proof when both cannot prevail is a waste of time. Furthermore, one of the factors to be considered in arriving at the amount of a reasonable fee is the outcome. That is obviously an easier task after the fact.
But regardless of what rule is applied as to pleading and proof of attorney's fees in general, no purpose is served in offer of judgment proceedings by application of diverse requirements for statutory and for contractual fees. Either both are costs or neither are costs under Rule 1.442.
I further disagree with the majority's determination that the complaint in the instant case was insufficient to state a claim for attorney's fees. The complaint is in the form prescribed by the Florida Rules of Civil Procedure for a suit which includes a claim for fees based on contract,[4] though defective in not attaching the contract. Rule 1.130(a), Florida Rules of Civil Procedure. The complaint gives notice of the claim for fees and therefore satisfies the notice pleading concept applicable under the law of Florida. The majority ruling here freezes the complaint as of the time the offer of judgment is made, cutting off rights of amendment, and resulting in an injustice on purely technical grounds. In Brown v. Gardens by the Sea South Condominium Association, 424 So.2d 181 (Fla. 4th DCA 1983), a suit on a lease which contained a provision for attorney's fees to the prevailing party, there was a total failure to plead entitlement to fees, and on that basis, they were denied by the trial court. On appeal, the district court reversed, finding that attorney's fees were referred to at pre-trial conference, in the pre-trial statement, and there was no surprise, stating (424 So.2d 181, 183):
Florida uses what is commonly considered as a notice pleading concept and it is a fundamental rule that the claims and ultimate facts supporting same must be alleged. The reason for the rule is to appraise [sic] the other party of the nature of the contentions that he will be *44 called upon to meet, and to enable the court to decide whether same are sufficient... .
To like effect is Marrero v. Cavero, 400 So.2d 802 (Fla. 3d DCA 1981), review denied, 411 So.2d 383 (Fla. 1981), holding that failure to plead did not bar a claim for attorney's fees based on contract and that the fee was allowable when presented on a timely motion following judgment.
In the instant case, River Road's offer of judgment was made, not to a complaint totally devoid of pleading a claim for fees, as in the Brown and Marerro cases, supra. River Road was apprised of the claim for fees, and any ambiguity in that regard did not prevent it from making an offer of judgment in the exact amount of the difference between the damages sought by the claim and the amount of the counterclaim. The trial court in the instant case, as in the Brown and Marerro cases, supra, was in the best position to determine whether there was adequate notice of the claim for fees, and that determination should stand.
But even if the majority has correctly determined that, as a matter of law, the trial court could not award the fees provided for by agreement of the parties, the appropriate disposition of this cause is to set aside the entire judgment, simply because there was no meeting of the minds needed for a valid offer and acceptance.
A review of the facts here shows that, after answer was filed and trial (non-jury) date set, River Road filed an offer of judgment which made no mention of costs or attorney's fees. Ring Power responded by serving and filing, simultaneously, a motion to tax costs and attorney's fees and an acceptance of offer of judgment. By the majority view here, the offer cannot be taken to include attorney's fees. Therefore, Ring Power's qualified acceptance can only be considered as a counteroffer. The record further indicates that River Road had attempted to withdraw its offer,[5] further evidence of no meeting of the minds.
An additional factor to be considered here is the obvious unsettled nature of the law in this area as to when attorney's fees are to be considered costs as indicated by the cases cited in both opinions here. The unsettled state on this subject was a factor considered in Greenwood v. Stevenson, 88 F.R.D. 225 (1980), in setting aside a judgment entered under the federal offer of judgment rule. In Greenwood, the defendant made an offer of judgment for a sum certain plus "accrued costs," and the plaintiff filed an "acceptance" of the amount stated "plus costs including attorney's fees." The court in Greenwood found that the defendants had not intended to include attorney's fees in the offer of costs and that plaintiff had made a "counteroffer" rather than an acceptance of the original offer. The court concluded that there was no meeting of the minds and, in reaching that result, considered the confused state of the law as to whether costs included attorney's fees, holding (88 F.R.D. at 232):
This is sufficient reason for concluding that there was never a "meeting of the minds" on the terms of the offer, and therefore no true acceptance. Moreover, the Court feels that it would be inequitable under the circumstances to hold plaintiff to the agreement. The decisions of both federal courts that had previously considered the precise question supported plaintiff's belief that "accrued costs" would include attorney's fees in a civil rights case. Plaintiff might well have considered $20,001 an unreasonably low settlement in the absence of fees.
The Court thinks it better that both sides, now that they are fully aware of their legal positions, approach the settlement question afresh. Therefore, the case will be scheduled for trial in due course .. . subject to the parties' ability to reach a mutually-acceptable offer of judgment in the interim.
The court should either affirm the judgment below or, failing that, adopt the *45 Greenwood result and allow the parties to "approach the settlement question afresh."
NOTES
[1] The rule as to statutory fees is most recently stated in Encompass, Inc. v. Alford, 444 So.2d 1085, 1086-87 (Fla. 1st DCA 1984): "We hold that unless the offer [of judgment] and acceptance affirmatively indicate that the amount specified in the offer is to include attorney's fees, the plaintiff, by accepting the offer, is not precluded from seeking attorney's fees to which he may be entitled by statute [citations omitted]."
[2] In Miller v. Colonial Baking Company of Alabama, 402 So.2d 1365, 1367 (Fla. 1st DCA 1981), and Glusman v. Lieberman, 285 So.2d 29, 31-32 (Fla. 4th DCA 1973), the court states the distinction between attorney's fees provided for prosecuting the action itself allowable pursuant to contract or statute, and fees which are an element of damage to compensate for the wrong done, such as fees allowable for wrongful attachment, false imprisonment, and malicious prosecution.
[3] Compare Newcombe v. South Florida Business Negotiators, Inc., 340 So.2d 1192, 1194 (Fla. 2d DCA 1977); Lhamon v. Retail Development, Inc., 422 So.2d 993 (Fla. 5th DCA 1982); and Commodore Plaza at Century 21 Condominium Association, Inc. v. Cohen, 350 So.2d 502 (Fla. 3d DCA 1977), case holding that in a jury trial, a claim for fees is element of damages for the jury.
[4] See, e.g., Form 1.934, Florida Rules of Civil Procedure. Complaint here states in body that "[p]laintiff is obligated to pay its attorney a reasonable fee for his services in bringing this action," and the ad damnum demands "attorney's fees."
[5] Motion to vacate judgment filed by River Road alleges it withdrew the offer two days before Ring Power's acceptance. The trial court did not expressly rule on this point.