## RAMOS v AYALA, et al.
### Case No. 81-5731 CA 09
Eleventh Judicial Circuit, Dade County

October 7, 1985

### APPEARANCES OF COUNSEL

**Alan E. Krueger** for plaintiffs.
**Carol B. Haber** for defendants.

### OPINION OF THE COURT

DAVID L. LEVY, Circuit Judge.

*ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW OFFER OF JUDGMENT AND TO VACATE ACCEPTANCE*

This matter was before the Court on September 12, 1985, on the motions of the Defendant, PEDRO REALTY, INC., to withdraw its offer of judgment and to vacate Plaintiffs' acceptance of said offer and the Court, being fully advised in the premises, orders as follows:

ORDERED AND ADJUDGED that the motions to withdraw the offer of judgment and the motion to vacate the Plaintiffs' acceptance of

the offer of judgment are denied. The Court finds that the Plaintiffs are entitled to recover taxable costs and attorney's fees, but not treble damages, from the Defendant, PEDRO REALTY, INC., under the terms of the offer and acceptance. The following reason supports this conclusion.

The Defendant, Pedro Realty, Inc., made an offer of judgment for liability to the Plaintiffs in the amount of two thousand five hundred dollars ($2,500.00) which was served by mail on June 25, 1985. The precise wording of the offer was as follows:

> COMES NOW, Pedro Realty, Inc., one of the Defendants herein, and does service Notice to all parties herein of its offer to the Plaintiff for the entry of a Judgment against said Defendant for the amount of $2,500.00 which said Defendant verily believes to be fair compensation to the Plaintiff for any responsibility of this Defendant.

> This amount is tendered in complete settlement of all claims of the Plaintiff against this Defendant and for each of the counterclaims filed against it by the Co-Defendants herein.

The Plaintiffs served notice of acceptance on July 9, 1985. Their acceptance read as follows:

> The Plaintiffs, by and through the undersigned attorney, accept the offer of judgment of the Defendant, PEDRO REALTY, INC., served by mail on June 25, 1985, for liability to the Plaintiffs for actual damages on Count II of the First Amended Complaint in the offered amount of two thousand five hundred dollars ($2,500.00) plus costs and statutory attorney's fees then accrued pursuant to Rule 1.442, Florida Rules of Civil Procedure, section 812.035(7), Florida Statutes, and the case law, with all other potential claims and judgments against said Defendant to merge therein.

Plaintiffs' acceptance was received by the Defendant on July 10, 1985. On July 9, 1985, the Plaintiffs filed the offer and acceptance together with a motion for final judgment against the Defendant, Pedro Realty, Inc., seeking to tax accrued costs and attorney's fees and to treble actual damages. On July 18, 1985, the Defendant, Pedro Realty, Inc., filed a motion to strike the Plaintiffs' acceptance of its offer of judgment. On July 22, 1985, the Defendant served notice of withdrawal of the offer of judgment.

Offers of Judgment are governed by Rule 1.442, Florida Rules of Civil Procedure. "The rule is the same as FR 68." Rule 1.442, Committee Note, 1972 Adoption, Florida Rules of Civil Procedure. The purpose of the rule, as has frequently been stated, is to encourage

settlements. In effect, it is a procedure which enables a Defendant to force a litigious Plaintiff to accept a reasonable settlement offer in lieu of protracted and costly litigation or to incur the costs of proceeding without achieving a more beneficial outcome than that offered. See *e.g.*, *Tucker v. Shelby Mutual Insurance Co. of Shelby, Ohio*, 343 So.2d 1357, 1359 (Fla. 1st DCA 1977).

A party "must be presumed to know the legal consequences of its own pleadings," including both offers and acceptances of offers of judgments. *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38, 41 (Fla. 1st DCA 1984). The fact that a party may not have realized that the form of its offer or acceptance created or precluded certain recoveries other than the sum certain proffered as to damages avails the party nothing. Cf. *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38, 41 (Fla. 1st DCA 1984).

Each offer of judgment must contain two elements: a sum certain offered to settle liability for damages and accrued costs to the date of the offer. The offer is "to allow judgment to be taken against...[the offeror] for the money or property or to the effect specified in his offer *with costs then accrued*." Rule 1.441, Florida Rules of Civil Procedure (emphasis added).

"An offer of judgment which contains only a single figure includes all elements of damages attributable to plaintiff's cause of action. . . ." *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38, 41 (Fla. 1st DCA 1984). However, costs and damages are distinguishable and unless the offer and acceptance affirmatively indicate that the amount specified in the offer is to include costs, the plaintiff, by accepting the offer, is not precluded from seeking the costs to which he may be entitled by statute. *Encompass Inc. v. Alford*, 444 So.2d 1085, 1086-1087 (Fla. 1st DCA 1984); *Parliament Insurance Company v. That Girl in Miami, Inc.*, 377 So.2d 1011 (Fla. 3d DCA 1979). In fact, "this allowance should be made regardless of whether the offer itself expressly refers to costs and . . . such costs are in addition to the amount stated in the offer of judgment." *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38,40 (Fla. 1st DCA 1984).

"Costs are the statutory allowances recoverable by a successful party as an incident to the main adjudication and need not be specifically pled or claimed." *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38,40 (Fla. 1st DCA 1984). The Florida appellate courts have repeatedly held that the accrued costs to the date of an offer of judgment include statutory attorney's fees which, unlike contractual attorney's fees, are not an integral element of the plaintiff's damages. *River Road Construction Co. v. Ring Power Corp.*, 454 So.2d 38,40

116

(Fla. 1st DCA 1984); and see *Encompass Inc. v. Alford,* 444 So.2d 1085, 1086-1087 (Fla. 1st DCA 1984); *Parliament Insurance Company v. That Girl in Miami, Inc.,* 377 So.2d 1011 (Fla. 3d DCA 1979). See and compare *Fulps v. City of Springfield, Tennessee,* 715 F.2d 1088 (6th Cir. 1983).

The offer of judgment that was made to the Plaintiffs in this cause expressly stated that it was made as to *all* claims of the Plaintiffs against the offering Defendant. Although the offer was not more specific about the validity of a theory of recovery authorizing recovery of statutory attorney's fees and although it was silent as to whether the offer included or excluded attorney's fees, the Plaintiffs specifically set forth a claim for reasonable attorney's fees under section 812.035(7), Florida Statutes, pleaded in Count II of the Amended Complaint, which authorized such recovery. The Plaintiffs' acceptance clearly brought them within cases requiring affirmative specifications of the claim and affirmative recognition of the validity of a theory authorizing the same in the acceptance where omitted from the offer. See *Encompass Inc. v. Alford,* 444 So.2d 1085, 1087 (Fla. 1st DCA 1984) and *Gamlen Chemical Co. v. Dacar Chemical Products Co.,* 5 F.R.D. 215, 216 (W.D. Pa. 1946). The offer and acceptance were joined under a statutory cause of action providing for attorney's fees to a successful plaintiff.

Allowance of taxable costs and reasonable attorney's fees under the terms of the offer of judgment and its acceptance in this cause preserves the intent and purpose of Rule 1.442. The operation of the rule is such that a successful offer of judgment under Rule 1.442 serves to cut off liability for only those fees and costs incurred *after* the making of the offer. Liability for statutory fees and costs incurred *before* an offer of judgment is made is unaffected by the offer and the prevailing party is entitled to recover such fees and costs without regard to whether the judgment recovered exceeds, equals, or is less than the offer. See *C.U. Associates, Inc. v. R.B. Grove, Inc.,* 455 So.2d 1109, 1110 n.4 (Fla. 3d DCA 1984) and *Banks v. Steinhardt,* 427 So.2d 1054, 1057 (Fla. 4th DCA 1983). If the Plaintiffs were denied attorney's fees under Pedro Realty's offer of judgment, it would subvert the intent of the rule to encourage settlements because any party who rejected the offer would still be entitled to recover fees even if the judgment he recovered were less than or identical to the offer. It is incongruous to penalize a party for accepting an offer by cutting off entitlement to attorney's fees if the purpose of the rule is to encourage settlements and avoid litigation where the parties would otherwise agree to settle as to damages.