# IN RE: GUARDIANSHIP OF HARRISON

## Case No. 88-0021CP

Sixth Judicial Circuit, Pasco County

August 17, 1989

### APPEARANCES OF COUNSEL

**Joshua Magidson,** Esquire, for Respondent, First Florida Bank, N. A., Guardian of the Property.

**Beth S. Wilson,** Esquire, for Petitioners Susan Harrison and James Edwards, Guardians of the Person.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

### *ORDER ON PETITION FOR AUTHORIZING REIMBURSEMENT FOR EXPENSES*

On October 27, 1986, an incident occurred which resulted in injuries to the minor ward herein. Between October 28, 1986, and June, 1987,

the ward required certain medical expenses and the ward's father and mother lost wages all allegedly as a result of the incident. On December 22, 1987, the mother of the ward petitioned the Court for the appointment of a guardian of the property of the child, and on January 11, 1988, First Florida Bank, N.A. was appointed guardian of the property of the child. The guardian filed a complaint against the alleged tortfeasor on January 27, 1988. The parents failed to join in the action to pursue their claims arising out of the incident. On June 1, 1989, a final order approving settlement was entered in the tort suit; on June 16, 1989, a release and settlement of claim was executed by the ward; and on June 23, 1989, a joint stipulation for dismissal was entered into by the parties to the suit. On June 29, 1989, a Petition for Order Authorizing Reimbursement of Expenses, was filed in the guardianship by the parents of the ward. The petition requested reimbursement from the estate for medical expenses, travel expenses, and cost of special supplies and equipment expended by the parents for the child as a result of the injury as well as reimbursement for wages lost by the parents as a result of the incident. The matter came on to be heard on that petition.

The petition presents two issues:

I. Under what circumstances may the parents recover from the ward's estate those claims which they could have pursued in their own name.

II. Does the law of guardianship authorize the parents, standing in the position of claimants, to petition the court for payment of their claims against the estate of the ward.

It is well settled in Florida that parents may recover, from a tortfeasor, medical, hospital and related expenditures, and loss of parents' income while caring for the child, *Yordan v Savage,* 279 So.2d 844 (Fla. 1973). It is also well settled that these claims may all be recovered in one suit along with all of the minor's claims, if the parents are parties to the suit, *Tucker v Shelby Mutual Insurance Co. of Shelby, Ohio,* 343 So.2d 1357 (Fla. 1st DCA 1977).

The two Florida cases which seem to be factually the closest to the instant case are *Ash v Coconut Grove Bank,* 443 So.2d 437 (Fla. 3d DCA 1984) and *Burden v Dickman,* 14 FLW 1357 (Fla. 3d DCA June 6, 1989). In *Ash,* a settlement was reached and all the proceeds including those representing the claims of the father were deposited in a guardianship estate. In *Burden,* the parents received an award in their own names and the guardian received an award on behalf of the child.

161

The father in *Ash* filed a petition for reimbursement of expenses incurred in connection with the support, care, maintenance, and education of the child. It is not clear whether these were past expenses or anticipated ones. However, the court's holding (at page 439) states,

> . . . that that portion of the settlement award which represented the father's claim for the extraordinary expenses relating to his son's condition should be treated as a trust to defray these *contemplated* expenses. (Emphasis added.)

In the *Burden* case, the guardian of the property petitioned the court to require the parents to account for sums representing medical care and support of the minor and included in the award granted in favor of the parents. The court dealt with "prospective extraordinary medical and support expenses expected during . . . [the ward's] . . . minority" (at page 1358), as well as past expenses and with respect to the latter, held as follows:

> That sum which is determined to be compensation for the Burdens' loss of companionship and reimbursement for past medical expenses will be the Burden's property, to which they are immediately entitled. Sums which the Burdens have expended to meet Adam's extraordinary support needs to date should be reimbursed. (at pages 1358 and 1359)

It is clear under Section 744.374, Florida Statutes 1989, that the guardian of the person, which would presumably include a parent as natural guardian, may petition the court for an order directing the guardian of the property to make payments for future support, care, maintenance and education of the ward. No statute seems to address the issue of whether a guardian of the person may petition for payment of monies expended in the past.

As to the first issue stated above, the Court holds that to the extent that the parents can demonstrate, by adequate proof, that the sums in the hands of the guardian represent a recovery for medical expenses, travel expenses, and cost of special supplies and equipment necessitated by the alleged tortfeasor, they shall be entitled to recover. As to claims for lost wages, loss of services, or any other claims which could have been pursued by the parents as a result of the incident, but were not recoverable by the ward, this Court holds that such are not recoverable from the ward's estate and strikes from the petition any such request for relief.

As to the second issue, although no provision in the probate code addresses the question of whether a natural guardian may petition for payment of the parents' claims against the child's estate, the Court

notes that the mother was the original petitioner for the appointment of a guardian of the property. As such, she has submitted herself to, and has invoked the jurisdiction of this Court. Therefore, this Court holds that it is within the inherent authority of a court of equity to consider such a petition and grant relief thereon. Accordingly, the Court determines this to be an adversary proceeding, invokes the Rules of Civil Procedure as they apply hereto, and grants the guardian of the property twenty (20) days to file its response to the petition.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 17th day of August, 1989.